UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY PARKER,

    Plaintiff,

v.

CITY OF TAYLOR, JAMES PILCHAK, BRIAN WOJTOWICZ, STEVE PORTA, CHRIS CATES, DOMINIC DIGGS-TAYLOR, in their individual and official capacities,

    Defendant.

                                           /

Case No. 15-10113

Honorable Nancy G. Edmunds

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [34]**

This matter comes before the Court on Plaintiff's motion for reconsideration. Plaintiff filed a complaint against five individually named police officers and the City of Taylor pursuant to 42 U.S.C. § 1983 and related state law, alleging violation of his constitutional right to be free from excessive use of force, false arrest and/or imprisonment, unreasonable seizure without probable cause, and malicious prosecution. On February 5, 2016, the Court granted in part and denied in part Defendants' motion for summary judgment. With regard to Plaintiff's claim of excessive use of force, the Court found genuine issues of fact precluded summary judgment. The Court granted summary judgment, however, for Defendants on the remaining claims. Plaintiff seeks reconsideration of this aspect of the Court's decision. For the reasons below, the Court DENIES this motion.

Pursuant to Rule 7.1(h) of the Local Rules for the Eastern District of Michigan, a party may file a motion for reconsideration within fourteen days after a court issues an order to

which the party objects. Although a court has the discretion to grant such a motion, it generally will not grant a motion for reconsideration that "merely present[s] the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L. R. 7.1(h). To persuade the court to grant the motion, the movant "must not only demonstrate a palpable defect by which the court and the parties ... have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.*

Plaintiff's motion does not satisfy the requirements of Rule 7.1(h). Plaintiff has not set out a palpable defect by which the Court has been misled, but instead in large part merely re-hashes arguments previously made. *See Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) ("A motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not.").

Specifically, Plaintiff attempts to re-argue that Defendants lacked probable cause for his arrest due to the fact that the trespassing and interference with police authority charges against him were subsequently dropped. (Dkt. 34, at 17 (arguing that this "at an absolute minimum, infers a lack of probable cause").) Plaintiff argues further that the Court "erroneously took the position that the fact that a criminal action is dismissed does not necessarily mean that the arrest lacked probable cause." (*Id.*) But this position is not erroneous and the cases cited by Plaintiff do not hold otherwise. The case law in this Circuit is clear: "an arrest grounded in probable cause does not become invalid merely because the State chooses not to prosecute the individual or a jury opts for acquittal." *Williams ex rel. Allen v. Cambridge Bd. of Educ.*, 370 F.3d 630, 638 (6th Cir. 2004). *See also Manley v. Paramount's King Island*, 299 Fed. App'x 524, 530 (6th Cir. 2008); *Criss v. City of Kent*,

2

867 F.2d 259, 262 (6th Cir. 1988). As set forth in more detail in its February 5 Opinion and Order, the Court, having considered the totality of the circumstances, concluded that the officers had probable cause to arrest Plaintiff. The fact that the charges against Plaintiff were subsequently dropped does not change that determination, and Plaintiff has failed to demonstrate any palpable defect by which the Court and the parties have been misled.

For the reasons stated, Defendant's motion is DENIED.

SO ORDERED.

                s/Nancy G. Edmunds  
                Nancy G. Edmunds  
                United States District Judge

Dated: February 25, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 25, 2016, by electronic and/or ordinary mail.

                s/Carol J. Bethel  
                Case Manager