UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY PARKER,

    Plaintiff,

v.

JAMES PILCHAK, et al.,

    Defendants.

_____/

Case No. 15-10113

Honorable Nancy G. Edmunds

**ORDER DENYING PLAINTIFF'S MOTION FOR FEDERAL RULE OF CIVIL PROCEDURE 54(b) CERTIFICATION FOR APPEAL [37]**

This matter comes before the Court on Plaintiff's motion to certify the Court's February 5, 2016 order for immediate appeal pursuant to Federal Rule of Civil Procedure 54(b). For the reasons discussed below, the Court DENIES Plaintiff's motion.

On February 5, the Court granted in part and denied in part Defendants' motion for summary judgment. Specifically, the Court granted summary judgment for Defendants on Plaintiff's constitutional and related state law claims of false arrest and/or imprisonment, malicious prosecution, unreasonable seizure without probable cause, and failure to train (Counts II, III, IV, V, and VI). The Court denied summary judgment on Plaintiff's claim of excessive use of force (Count I). Plaintiff now requests that the Court certify as final its February 5 order granting judgment for Defendants on all but one of its claims pursuant to Rule 54(b).

Rule 54(b) permits immediate review of orders in cases involving multiple claims or parties prior to the ultimate disposition of the case. Fed. R. Civ. P. 54(b). The rule provides, "the court may direct the entry of a final judgment as to one or more but fewer than all of

the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." *Id.* To determine whether there is no just reason for delay, the Court must "balance the needs of the parties against the interests of efficient case management." *Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1027 (6th Cir. 1994). The Sixth Circuit has articulated the following non-exhaustive list of factors to consider when making this determination:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

*Id.* at 1030 (internal citation omitted).

Plaintiff argues that the appeal would not be mooted by future developments in the district court. (Dkt. 37, at 12.) Plaintiff further claims "judicial economy is best served by an immediate appeal" and that by not certifying an appeal now, Plaintiff would "be force[d] to unnecessarily spend significant economic resources trying the case twice." (*Id.* at 12-13.) The Court disagrees. Here, the adjudicated and unadjudicated claims all stem from the same set of facts: the handcuffing and arrest of Plaintiff in a parking lot outside the Taylor Police Department on the evening of January 20, 2013. (*See* Dkt. 1.) Certifying some of Plaintiff's claims for appeal now would likely give rise to successive appeals that would turn largely on the same facts. *See Lowery v. Fed. Exp. Corp.*, 426 F.3d 817, 823 (6th Cir. 2006) ("the greater the overlap in the factual basis between the adjudicated and unadjudicated claims, the greater the possibility that [the appellate] court will have to revisit

the same facts under a different theory in a second appeal"). Therefore, the need for immediate appeal here does not outweigh the efficiency of having one appeal at the conclusion of the case in its entirety. *See Gen. Acquisition, Inc.*, 23 F.3d at 1027. Moreover, there is a longstanding policy against piecemeal appeals and the Sixth Circuit has stated that Rule 54(b) appeals should be limited to "infrequent harsh cases." *Rudd Constr. Equip. Co., Inc. v. Home Ins. Co.*, 711 F.2d 54, 56 (6th Cir. 1983) (internal citation omitted). Based upon consideration of the above factors and having reviewed the pleadings, the Court cannot conclude that this is one of the "infrequent harsh cases" for which Rule 54(b) certification is warranted.

For the above-stated reasons, Plaintiff's motion for certification under Rule 54(b) is DENIED.

SO ORDERED.

<pre>                        S/Nancy G. Edmunds
                        Nancy G. Edmunds
                        United States District Judge</pre>

Dated: April 14, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 14, 2016, by electronic and/or ordinary mail.

<pre>                        S/Carol J. Bethel
                        Case Manager</pre>